# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Valerie McDonald, <br><br>  Plaintiff <br><br> v. <br><br> Capital One Auto Finance and Carmax Auto Superstores, Inc., <br><br> Defendants | Case No.: 2:22-cv-00314-JAD-BNW <br><br> **Order Granting Carmax's Motion to Dismiss** <br><br> [ECF No. 30] |

Pro se plaintiff Valerie McDonald sues Capital One Auto Finance and Carmax Auto Superstores, Inc. for violations of the Telephone Consumer Protection Act (TCPA) and the Truth in Lending Act (TILA). Carmax moves to dismiss McDonald's second-amended complaint, arguing that her allegations are too thin to state any claim against Carmax and her TILA claim is barred by the statute of limitations. McDonald opposes the motion and clarifies in her opposition that her TCPA claim applies only to Capital One and not Carmax. Because Carmax has demonstrated that McDonald's remaining TILA claim is time-barred under the act's one-year statute of limitations for civil claims, I grant Carmax's motion and dismiss McDonald's claims against it.

**Discussion**

Carmax argues in its motion to dismiss that (1) McDonald failed to provide enough factual allegations in her complaint to state a TCPA claim against Carmax and (2) McDonald's TILA claim is time-barred by the act's one-year statute of limitations. In her opposition to Carmax's motion to dismiss, McDonald concedes that she intended her TCPA claim to apply to Capital One only, so the lone claim against Carmax is her TILA claim.

Carmax argues that McDonald's TILA claim is time-barred by the act's one-year statute of limitations. A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[1] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[2] Under TILA's statute of limitations, a plaintiff must file a civil claim under the act "within one year from the date of the occurrence of the violation" to be timely.[3]

McDonald alleges that she completed an online credit application with Carmax sometime in July 2018 and purchased a vehicle from Carmax "on or around July 30, 2018."[4] But McDonald didn't file her lawsuit until February 22, 2022,[5] more than three-and-a-half years after the alleged TILA violations occurred. In her opposition, McDonald fails to address Carmax's statute-of-limitations argument whatsoever, devoting the bulk of her response to arguments about the merits of that claim.[6] She also points to nothing in her complaint that would justify tolling the limitations period. Because McDonald's claim is untimely on its face and she has not shown

---

[1] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

[2] *Id*.

[3] 15 U.S.C. § 1640(e).

[4] ECF No. 26 at 3.

[5] *Id.*

[6] McDonald also submits a "response" to Carmax's reply, ECF No. 39, but I disregard it because it is an unauthorized surreply filed without first obtaining leave of court. *See* Local Rule 7-2(b) (explaining that the final brief permitted in motion practice is the movant's reply and warning that "[s]urreplies are not permitted without leave of court"). Even if I were to excuse that procedural impropriety and consider its contents, it would not save the plaintiff's TILA claim from dismissal because it, too, fails to address the statute-of-limitations problem.

that she could allege facts to make her claim timely, her claim is time-barred.  So I grant Carmax's motion and dismiss this lone remaining claim against Carmax.

## Conclusion

IT IS THEREFORE ORDERED that Carmax's motion to dismiss **[ECF No. 30] is GRANTED**.  **McDonald's claims against Carmax are DISMISSED with prejudice and without leave to amend** because amendment would be futile.  The Clerk of Court is directed to **TERMINATE** Carmax Auto Superstores, Inc. as a party to this case.  This case proceeds on the claims against Capital One only.

_____
U.S. District Judge Jennifer A. Dorsey
September 12, 2022